IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY CASTRO, and<br>CASTRO & CO., LLC, | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§ | Case No. 3:18-cv-00573-N |
| ROY ANDREW BERG,<br>ALEXANDER FAIRFAX MARINO,<br>& MOODYS GARTNER TAX LAW, LLP, | §<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Andrew T. Turner
Texas Bar No. 24008968
andrew.turner@ogletreedeakins.com
Laura Elizabeth Grubb
Texas Bar No. 24097774
laura.sandman@ogletreedeakins.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas 75225
Telephone: 214.987.3800
Facsimile: 214.987.3927

**COUNSEL FOR DEFENDANTS**

Defendants Roy Andrew Berg ("**Berg**"), Alexander Fairfax Marino ("**Marino**"), and Moodys Gartner Tax Law, LLP ("**Moodys**") (collectively, "**Defendants**") file this reply in support of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion to Dismiss") [Dkt. 14].

**A.     No Minimum Contacts.**

      **1.     Plaintiffs Cannot Meet Their Burden Establishing Minimum Contacts for Personal Jurisdiction.**

Plaintiffs have the burden of establishing that this Court has jurisdiction over each Defendant by presenting facts, by affidavit or otherwise, supporting personal jurisdiction.[1] Plaintiffs have not, nor can they meet this burden. First, as explained in the Motion to Dismiss, Plaintiffs' Complaint utterly fails to establish personal jurisdiction. Now, Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("Response") [Dkt. 16], incorrectly titled "Plaintiffs' First Amended Complaint," is similarly devoid of any additional facts suggesting that any of the Defendants maintain "continuous and systematic" contacts with Texas such to afford this Court general personal jurisdiction over them.

Second, Plaintiffs build their entire legal argument regarding personal jurisdiction on the "effects test" from *Calder v. Jones*, 465 U.S. 783, 788 (1983). However, the "effects test" was substantially revised by the Supreme Court in *Walden v. Fiore*.[2] There, the Court directed that "[t]he proper focus of the 'minimum contacts' inquiry...is 'the relationship between the defendant, the forum, and the litigation.'"[3] "For a State to exercise jurisdiction consistent with due process,

---

[1] *Lonestar Livestock Equip. Co. Inc. v. S. Livestock Sys., LLC*, No. H:15–CV-447, 2015 WL 3756501, at *2 (S.D. Tex. Jun. 16, 2015) (holding that "[w]hen a district court rules on personal jurisdiction without an evidentiary hearing, the Plaintiffs must make a prima facie showing of jurisdiction, and the court may consider the entire contents of the record, including affidavits") (citing *Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)).

[2] 571 U.S. 277, 291 (2014).

[3] *Id*. (citing *Calder v. Jones*, 465 U.S. 783, 788 (1983)).

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
AND BRIEF IN SUPPORT**     **Page 1**

the relationship must arise out of contacts that the defendant *himself* creates with the forum State," not the defendant's contacts with persons who reside there.[4]  Where the relevant conduct of the defendant occurs entirely outside the State, "**the mere fact that such conduct affected the plaintiff with connections to the forum State does not suffice to authorize jurisdiction**."[5]

Plaintiffs do not cite *Walden* or attempt to explain how Defendants' alleged conduct meets its requirements.  Instead, relying on the now-defunct portions of *Calder*, Plaintiffs rely solely on their own contacts with Texas in their attempt to establish specific personal jurisdiction over Defendants in Texas.  In support of their personal jurisdiction argument, Plaintiffs merely state:

> *Plaintiff* Mr. Castro resides in Texas, *Plaintiff* Castro & Co.'s principal place of office is located in Texas….*Castro & Co.'s* contract with Anthony Dixon and Dixon Advisory ("Dixon") is centered in Texas.  *Castro & Co.* maintains its principal place of business in Texas, entered into its contract with Dixon in Texas, and performs contractual obligations under the Dixon contract in Texas.[6]

Each of these assertions relate to the *Plaintiffs'* contacts with Texas, not Defendants' contacts.  The only evidence Plaintiffs offer linking Defendants and Texas is that Defendants' complained-of conduct allegedly affected one of Plaintiffs' connections in Texas.  Plaintiffs state (or at least seem to suggest) that Defendants directed defamatory statements to their business partner in Australia who then may or may not have considered curtailing business with Plaintiffs that was "centered in Texas."[7]  This is thin gruel by any standard.  However, *Walden* makes clear that "the plaintiff cannot be the only link between the defendant and the forum."[8]  In other words, an interaction between two non-forum-state entities that has some tangential effect on the forum Plaintiffs,

---

[4] *Id.* at 277, 285 (emphasis in original).

[5] *Id.* at 291 (emphasis added).

[6] Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, at 5-6, on file with this Court as Dkt. 16 (emphasis added).

[7] *Id.* at 5.

[8] *Walden*, 571 U.S. at 285.

without more, does not establish minimum contacts.

### 2. Exercising Personal Jurisdiction Would Violate Traditional Notions of Fair Play and Substantial Justice.

In their Motion to Dismiss, Defendants argued extensively that no minimum contacts exist in Texas to establish personal jurisdiction.[9] Accordingly, since no minimum contacts exist, Defendants did not substantially brief the question of whether traditional notions of fair play and substantial justice would be violated by requiring Defendants to defend this case in Texas despite the absence of sufficient minimum contacts. However, since Plaintiffs have raised this issue in their Response, Defendants will address it.

In *Worldwide Volkswagen Corp. v. Woodson*, the Supreme Court held that the defendant's contact with a forum state must be of such substance that maintenance of the suit in the forum state does not violate "traditional notions of fair play and substantial justice."[10] The Court noted that it must be reasonable to require an out-of-state defendant to appear in the forum state, and that reasonableness requires an analysis of the (1) burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the states in furthering fundamental substantive social policies.[11]

Obviously, litigating this case in Texas would be burdensome on Defendants. The ability to procure witnesses to testify live at trial would be almost impossible as most of the witnesses who could potentially be familiar with the facts alleged in the Complaint reside not only outside

---

[9] *See supra* note 6, at 7-9.

[10] 444 U.S. 286, 292 (1980).

[11] *Id.*; *see also Burger King v. Rudzewicz*, 471 U.S. 462 (1985).

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**
**AND BRIEF IN SUPPORT** **Page 3**

of Texas, but outside of the United States. As for the interest of Texas in adjudicating this matter, it is respectfully submitted that Texas should have no particular interest in litigating this matter, particularly when it is more appropriate and efficient for it to be litigated elsewhere. It is difficult to see how this Court would have any particular strong state interest in: adjudicating a matter in which not a single factual allegation in the Complaint even references Texas; and hailing parties and witnesses into this Court from Canada, Australia, Washington D.C., and Wyoming. Lastly, though a plaintiff will always have an interest in obtaining "convenient and effective relief,"[12] it is difficult to discern how Plaintiffs in this case would be deprived of obtaining convenient and effective relief by litigating this case in a more convenient forum, i.e., where more of the witnesses reside or where Defendants' business is located.

Simply stated, the Complaint and Plaintiffs' Response lack any factual allegations whatsoever that any of the Defendants have sufficient contact with Texas, nor could the Complaint be truthfully amended to include facts that would support this Court exercising personal jurisdiction over Defendants. Moreover, traditional notions of fair play and substantial justice will be violated should this matter proceed in Texas.

**B.** **Plaintiffs Have Not Explained Why Their Allegations are Sufficient to State a Claim for Relief.**

Plaintiffs' Response does not address or rebut the arguments presented in Defendants' Motion to Dismiss regarding Plaintiffs' failure to state a claim for relief. As demonstrated below, with respect to each of Plaintiffs' claims, Plaintiffs cannot allege facts sufficient to support a single claim entitling them to relief.

---

[12] *Woodson*, 444 U.S. at 292.

1. **Defamation**

With respect to Plaintiffs' defamation claim, in their Motion to Dismiss, Defendants established that Plaintiffs could not maintain their defamation claim because the facts alleged to support such cause of action do not constitute defamation under Texas law. In their Response, Plaintiffs offer no facts or legal argument to refute Defendants' argument that the statement that Mr. Castro is not licensed to practice law is true, and that Defendants were in no way negligent in making the complained-of statements. Instead, Plaintiffs merely reiterate the elements of a defamation cause of action and regurgitate from the Complaint the same statements they believe entitle Plaintiffs to relief for defamation. Plaintiffs' Response, therefore, confirms that Plaintiffs have not established the elements needed to maintain their defamation claim against Defendants and this claim should be dismissed.

2. **Tortious Interference**

In their Motion to Dismiss, Defendants also established that Plaintiffs could not maintain a tortious interference claim because such claim was supported only by Plaintiffs' conclusory allegations and not actual, specific facts. Again, Plaintiffs' Response fails to dispute or even address any of Defendants' facts or legal arguments. As with the defamation claim, Plaintiffs merely restate the elements of a tortious interference cause of action and reiterate the same conclusory and unfounded statements from their Complaint to support this cause of action. Plaintiffs' Response, therefore, also confirms that Plaintiffs have not established the elements needed to maintain their tortious interference claim against Defendants and this claim should be dismissed.

### 3. Business Disparagement

Plaintiffs wholly failed to address Defendants' legal arguments from their Motion to Dismiss relating to business disparagement. Other than stating in a heading that "Plaintiffs [h]ave stated a [c]laim for…[b]usiness [d]isparagement," Plaintiffs offer neither facts nor arguments to rebut Defendants' assertion that Plaintiffs failed to state a claim for business disparagement upon which relief can be granted. As such, Plaintiffs effectively conceded that Defendants' Motion to Dismiss on this point is meritorious. Therefore, this claim should be dismissed.

## C.   Plaintiffs' Response Wholly Fails to Address Defendants' Arguments That Venue is Improper, and Plaintiffs Lack Standing to Assert Their Present Claims.

In their Response, Plaintiffs wholly fail to offer any arguments or facts rebutting Defendants' arguments that venue is improper, and Plaintiffs lack standing to bring their claims for defamation, business disparagement and tortious interference. Accordingly, Plaintiffs have effectively conceded that Defendants' Motion to Dismiss is meritorious on these two points.

## D.   Conclusion

For the foregoing reasons and the reasons set out in their Motion to Dismiss, Defendants requests that the Court dismiss this case for lack of personal jurisdiction and improper venue. Additionally, and/or in the alternative, Plaintiffs' claims against Defendants should be dismissed because they are not facially plausible and are insufficiently pled.

Respectfully submitted,

*/s/ Andrew T. Turner*
Andrew T. Turner
Texas Bar No. 24008968
andrew.turner@ogletreedeakins.com
Laura Elizabeth Grubb
Texas Bar No. 24097774
laura.sandman@ogletreedeakins.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas  75225
Telephone:  214.987.3800
Facsimile:  214.987.3927

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to counsel of record.

*/s/ Andrew T. Turner*
Andrew T. Turner

35651020.1