IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY CASTRO AND CASTRO & CO., LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:18-CV-0573-N |
| ROY ANDREW BERG, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendants Roy Andrew Berg, Alexander Fairfax Marino, and Moodys Gartner Tax Law, LLP's (collectively, "Defendants") Motion to Dismiss Plaintiffs' First Amended Complaint and Brief in Support [14]. The Court grants the motion because it does not have personal jurisdiction over the Defendants.

**I. ORIGINS OF THE DISPUTE**

Plaintiffs, John Anthony Castro and Castro & Co., LLC (collectively, "Plaintiffs"), filed this lawsuit against Defendants, alleging claims for defamation, tortious interference with existing contractual relations, and business disparagement. Plaintiffs' claims stem mainly from Defendants' allegedly defamatory statements that Plaintiff Castro is "not a lawyer," that he is "not licensed to practice law" and that there is "potential adverse impact" if anyone relies on his legal advice. Am. Compl. at ¶¶ 15, 16 [12]. Plaintiffs claim that Defendants made such "false" statements to Plaintiffs' clients and business associates in an

effort to destroy Plaintiffs' reputation and business relationships. In their motion, however, Defendants point out that Castro is not actually licensed to practice law, a fact which Castro does not dispute in his Response. Defendants move to dismiss on multiple grounds, but because the Court agrees that it does not have personal jurisdiction over the Defendants, the Court does not reach these additional grounds.

## II. THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE DEFENDANTS

### A. Legal Standard

A plaintiff bears the burden of establishing a trial court's jurisdiction over each defendant. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). A plaintiff has the burden of establishing personal jurisdiction by making out a *prima facie* case; proof by a preponderance is not required. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). "The district court usually resolves the jurisdictional issue without conducting a hearing." *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). But when "a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). The Court, however, need not consider conclusory factual or jurisdictional allegations, even if uncontroverted. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001); *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 (5th Cir. 1996).

Establishing jurisdiction is a two-part process. The court first decides whether the forum state's long-arm statute confers jurisdiction; and if it does, the court then determines whether the exercise of jurisdiction is consistent with due process. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir.1999). Because the Texas long-arm statute has been interpreted to extend personal jurisdiction to the limits of due process, the Court need only determine whether jurisdiction over the defendant is constitutionally permissible. *Jones*, 954 F.2d at 1067–68; *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000). Federal constitutional due process requires a showing of two things: (1) the defendant must have purposely availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state such that he should reasonably anticipate being haled into court there; and (2) that the exercise of personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Latshaw*, 167 F.3d at 211.

A defendant's "minimum contacts" with the forum may support either general or specific jurisdiction over the defendant. *Mink*, 190 F.3d at 336. "General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Id*. (internal citations omitted). The Supreme Court has further clarified that for a corporation, the proper inquiry is whether the foreign corporation's affiliations with the forum state are so continuous and systematic as to render it essentially at home in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). For "an individual, the

paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place . . . the place of incorporation and principal place of business . . . ." *Daimler*, 571 U.S. at 137 (internal citations omitted). However, where the Court "seeks to assert specific jurisdiction over an out-of-state defendant," the defendant must have "purposefully directed his activities at residents of the forum" and the litigation must "arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotations and citations omitted). The Court must look "to the defendant's contacts with the forum itself," and the "plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for jurisdiction over him.").

### B. The Court Does Not Have General or Specific Jurisdiction Over the Defendants

Plaintiffs allege that the Defendants are "subject to both general and specific jurisdiction" because of their "minimum contacts with the State of Texas" and this district. Am. Compl. at ¶ 8. With regard to general jurisdiction, Plaintiffs state in the Amended Complaint that Defendant Berg is domiciled in Washington, Defendant Marino is domiciled in North Carolina, and Defendant Moodys' "principal office" and headquarters are in Canada. *Id*. at 3–5. Defendants are therefore not subject to general jurisdiction in Texas pursuant to *Daimler*.

Plaintiffs also claim that the Court has specific jurisdiction over the Defendants. The Court disagrees. Plaintiffs state that Moodys is an international tax law firm that targets and

markets to tax payers in Texas and that "Moodys Gartner, through its highly interactive website" promotes and sells "tax services" to "the public at large, including residents of the State of Texas." Am. Compl. at ¶ 8. Even accepting Plaintiffs' allegations as true, Plaintiffs fail to show how this litigation relates to or arises out of Moodys' online advertising of tax services to the general public, even if it includes advertising to Texas residents. *Id.*

Plaintiffs also generally reference tortious actions, including emails and other communications, that negatively affected the Dallas-based Plaintiffs. Am. Compl. at ¶¶ 8, 17, 20, and 26. But Plaintiffs fail to demonstrate how these alleged contacts are connected to Texas, other than to say that it is where Plaintiffs experienced injury. But the mere fact that alleged "conduct affected the plaintiff with connections to the forum State does not suffice to authorize jurisdiction." *Walden*, 571 U.S. at 291. Plaintiffs more specifically mention that Defendants sent tortious emails to principals at Dixon Advisory in an effort to steal Dixon's business from Plaintiffs and interfere with Plaintiffs' contract with Dixon. Am. Compl. at ¶ 20; Pls.' Resp. at 7 [16]. But Dixon Advisory is based out of Australia, not Texas, and Plaintiffs fail to even identify which principals these emails were allegedly sent to. Am. Compl. at ¶ 19.

Plaintiffs finally claim that Defendants "published and disseminated statements" to "media outlets," and spoke "at conferences," and "authored emails" to destroy Plaintiffs' reputation. Am. Compl. at ¶ 26. But again, these vague statements do not establish any meaningful connection with Texas. Plaintiffs have not shown that any of Defendants' conduct occurred in Texas, was directed at Texas, or was meaningfully connected to Texas.

And mere injury to a forum resident is not a sufficient basis authorizing jurisdiction. *Walden*, 571 U.S. at 290. Accordingly, the Court grants Defendants' motion to dismiss for lack of personal jurisdiction.

Signed March 5, 2019.

David C. Godbey
United States District Judge